1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  MARQUIS MODELS, INC.,

11          Plaintiff,                                    Case No. 2:05-CV-01400-KJD-PAL

12  v.                                                    **ORDER**

13  GREEN VALLEY RANCH GAMING,
    LLC,, *et al*.,
14
15          Defendants.

16
17          Presently before the Court is Defendant Green Valley Ranch Gaming, LLC's Motion for

18  Summary Judgment (#112).  Plaintiff filed a response in opposition (#119) to which Defendant

    Green Valley replied (#126).
19
    I.  Facts
20
21          Plaintiff Marquis Models, Inc. ("Marquis") is an Internet-based service that charges a

22  monthly fee to view photographs of models.  Soon after Marquis was formed it approached David

    Mecey and Mecey Photographic ("Mecey") to take photographs of various models to display on
23
    Marquis' website.  After being contacted by Marquis, Mecey provided a written offer to provide
24
25  enumerated photographic services in exchange for payment of a sum specified by Marquis.  Mecey's

26  offer unequivocally provided that "The photographer retains copyright of images[.]"  See (Exhibit B,

Defendant's Motion for Summary Judgment Doc. No. 112). "Usage rights" were transferred to purchaser, Marquis.  Mecey also retained the right use the images in his portfolio and for self-marketing, but agreed not to sell the images without permission from Marquis.   The offer was accepted by Paul Thomas, Marquis' President.  Mecey completed his services in April or May 2003.  The photograph of Chera Pollins ("the Pollins Image"), at issue in this lawsuit, was taken during this shoot.

In 2005, Defendant Green Valley Ranch, LLC ("Green Valley") was hosting a series of pool parties intended to promote The Pond located in the Whiskey Beach pool area.   These Nir-va-na Pool Parties were hosted by Defendant Garrick Entertainment, LLC ("Garrick") and Defendant John Lewis Promotions, LLC ("Lewis") on Sunday afternoons.  Lewis mentioned to his friend, Pollins, that the photos of the current model appearing in promotions for the pool parties were overused.  Pollins then volunteered photos of herself, including the Pollins Image.

Lewis then used the Pollins Image to create advertisements in print ads for the Las Vegas Weekly, for distribution on flyers, and in email sent to potential party goers.  Green Valley Ranch had final approval of the advertisements, and did, in fact, approve and consent to the use of the Pollins Image in the advertisements.  Those advertisements began running in June 2005, and appeared for at least two weeks.

On November 22, 2005, Plaintiff filed the present action for copyright infringement alleging that it owned the Pollins Image and that Defendants had infringed its rights when it was used for the Nir-va-na advertisements.  The complaint alleges that Marquis had entered into a "work made for hire" agreement with Mecey in June 2003, and thus that it owned the right, title and interest in the copyright of the Pollins Image.  This contradicted the copyright registration that Marquis had filed with the United States Copyright Office dated October 12, 2005 for the Pollins' Image.  The Certificate disclosed that the Pollins Image was taken in 2003 by David Mecey, was not a work made for hire, and that the copyright was claimed via transfer of all rights by the author through written

2

1   assignment.  Mecey testified that he believed that statement to be untrue when it was made on

2   October 12, 2005.

3           On or about April 21, 2006, Marquis and Mecey executed an Affirmation of Copyright which

4   states in pertinent part:

5                   1.   <u>Affirmation of Ownership</u>:  Mecey hereby affirms that Marquis owns all

6                        right, title and interest in and to the copyrights in the Photographs as of the

7                        date on which the Photographs were fixed in a tangible medium of expression.

8                        Marquis affirms that Mecey retains the right of attribution as the author of the

9                        Photographs and the right to use the Photographs in his portfolio[.]

10  On February 26, 2007, Defendant Green Valley Ranch, LLC filed the present motion for summary

11  judgment alleging that Plaintiff lacks standing, because it did not own the copyright on the day the

12  complaint was filed.  Plaintiff replied arguing that the April 21, 2006 Affirmation cures any

13  deficiency or question regarding its right, title and interest in the Pollins Image.

14  <u>II.  Standard for Summary Judgment</u>

15          Summary judgment may be granted if the pleadings, depositions, answers to

16  interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

17  issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

18  <u>See</u> Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The moving

19  party bears the initial burden of showing the absence of a genuine issue of material fact.  <u>See</u>

20  <u>Celotex</u>, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts

21  demonstrating a genuine factual issue for trial.  <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>

22  <u>Corp.</u>, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

23          All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

24  <u>See</u> <u>Matsushita</u>, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

25  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

26  or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.

1   See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

2   issues of controversy in favor of the non-moving party where the facts specifically averred by that

3   party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497

4   U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

5   (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

6   issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere

7   speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th

8   Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine

9   issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d

10   1054, 1061 (9th Cir. 2002).

11       Summary judgment shall be entered "against a party who fails to make a showing sufficient

12   to establish the existence of an element essential to that party's case, and on which that party will

13   bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

14   if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

15   III.  Analysis

16       A. Copyright Infringement Claims

17       Section 501(b) of the 1976 Copyright Act establishes who is legally authorized to sue for

18   ingringement of a copyright:

19         The legal or beneficial owner of an exclusive right under a copyright is

20         entitled, subject to the requirements of section 411, to institute an

21         action for an infringement of that particular right committed while he

22         or she is the owner of it.

23   17 U.S.C. § 501(b).  Therefore, to be entitled to sue for copyright infringement, the plaintiff must be

24   the "legal or beneficial owner of an exclusive right under a copyright."  See Silvers v. Sony Pictures

25   Enter., Inc., 402 F.3d 881, 884 (9th Cir. 2005).  If the plaintiff "is not a proper owner of copyright

26   rights, then it cannot invoke copyright protection stemming from the exclusive rights belonging to

the owner, including infringement of the copyright." Id.(quoting 4 Business and Commerical Litigation in Federal Courts, at 1062, § 65.3(a)(4) (Robert L. Haig ed.).  Therefore in this case, in order for Plaintiff to be entitled to institute an action, "the infringement must be committed while [it] is the owner of the particular exclusive right allegedly infringed."  Id. at 885(quoting 17 U.S.C. § 501(b))(internal quotations omitted).

A threshold issue is whether Plaintiff holds a valid copyright to the Pollins Image, and whether it held it on the date of the alleged infringement.  A certificate of registration will raise the presumption of valid copyright ownership.  See 17 U.S.C. § 410(c); Micro Star v. Formgen Inc., 154 F.3d 1107, 1109-10 (9th Cir. 1998).  Plaintiff has submitted a certificate of registration that raises a presumption of valid copyright ownership.  However, "the presumptive validity of the certificate may be rebutted and defeated on summary judgment."  S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1086 (9th Cir. 1989)(citing Seiler v. Lucasfilm, Ltd., 808 F.2d 1316, 1322 (9th Cir. 1986).

Plaintiff has submitted adequate evidence that as of April 21, 2006, Mecey exchanged all exclusive copyrights in the Pollins Image for ten percent of the proceeds of any infringement action.  However, despite the language of the Affirmation which suggests that the exclusive rights under the copyright transferred to Marquis "as of the date on which the Photographs were fixed in a tangible medium of expression", the Affirmation is silent as to whether accrued causes of action are included in the transfer of rights.  This post-Complaint Affirmation raises several issues questioning the standing of Marquis to bring this action.

First, it is clear that on the date the Complaint was filed, November 22, 2005, Mecey held exclusive copyrights.  Although the United States Copyright Act grants exclusive jurisdiction for infringement claims to federal courts, those courts construe copyrights as contracts and turn to the relevant state law to interpret them.  See Automation By Design v. Raybestos Products Co., 463 F.3d 749, 753 (7th Cir. 2006).  The question of the interpretation of the contract is a question of law.  See Shelton v. Shelton, 78 P.3d 507, 510 (Nev. 2003).  A contract is ambiguous if it is reasonably susceptible to more than one interpretation.  Id.  A contract may be ambiguous if the paragraphs in

1   question are reasonably susceptible to different constructions or interpretations.  See Agric. Aviation

2   Eng'g Co. v. Board of Clark County Com'rs, 794 P.2d 710, 712 (Nev. 1990).

3        In this case, the Court finds that the express contract term: "The photographer retains

4   copyright of images" is not ambiguous.  (Exhibit B, Defendant's Motion for Summary Judgment

5   Doc. No. 112).  This finding by the Court harmonizes with the policy of the Copyright Act which

6   requires transfers of copyrights to be in writing and to be clear.  See 17 U.S.C. § 204(a)("[a] transfer

7   of copyright ownership...is not valid unless [it]...is in writing...and signed[.]"); Konigsberg Int'l, Inc.

8   v. Rice, 16 F.3d 355, 357 (9th Cir. 1994)(writing requirement protects authors from fraudulent

9   claims and "enhances predictability and certainty of ownership-'Congress's paramount goal' when it

10  revised the Act in 1976")(internal citations omitted); Bieg v. Hovnanian Enterprises, Inc., 157 F.

11  Supp.2d 475, 480 (E.D. Penn. 2001)('terms...must be clear').  Requiring a transfer of copyright

12  ownership to be in writing and clear, "forces a party who wants to use the copyrighted work to

13  negotiate with the creator to determine precisely what rights are being transferred and at what price."

14  Effects Assocs. v. Cohen, 908 F.2d 555, 557 (9th Cir. 1990).  The burden clearly lies on the party

15  seeking to obtain the transfer: "The rule is quite simple: If the copyright holder agrees to transfer

16  ownership to another party, that party must get the copyright holder to sign a piece of paper saying

17  so."  Id.  Thus, on the date the lawsuit was filed, the copyright for the Pollins Image was owned by

18  the photographer, Mecey.

19       Perhaps realizing this problem, Plaintiff began seeking to have Mecey execute an

20  "Affirmation" that in effect backdated a purchase of the copyrights.  Such a transfer does not violate

21  the Copyright Act and could potentially give Marquis standing.  See Silvers, 402 F.3d at 890 n.1.

22  However, such a transaction requires simultaneous conveyance of both the copyright and accrued

23  claims.  See id.  Furthermore, such a transfer requires "the accrued causes of action" to be "expressly

24  included" in the assignment.  See ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980

25  (2nd Cir. 1991)(cited approvingly by the Ninth Circuit Court of Appeals, Silvers, 402 F.3d at 889-

26  90).  The Affirmation does not expressly transfer "accrued causes of action", but merely states that

1   Mecey will be paid on any prospective recovery for infringement of the copyright.  Therefore, the

2   Affirmation fails to establish that on the date the complaint was filed that Marquis had standing to

3   bring the action.

4         Since Plaintiff has failed to establish that it was the legal or beneficial owner of the copyright

5   when it was infringed, the Court grants Defendant Green Valley's motion for summary judgment.

6         B.  Marquis' Right of Publicity Claim

7         Because Marquis does not own an exclusive right to Pollins' identity or persona, it is seeking

8   to protect its right in the photograph.  This claim rests upon "legal or equitable rights that are

9   equivalent to any of the exclusive rights within the general scope of copyright as specified in Section

10  106." 17 U.S.C. § 301(a).  Therefore, this claim is preempted.  See Laws v. Sony Music Entm't, 448

11  F.3d 1134, 1145 (9th Cir. 2006).

12        Furthermore, a district court has discretion to decline to exercise supplemental jurisdiction

13  over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim

14  raises a novel or complex issue of state law.  See 28 U.S.C. § 1367(c).  Since the Court has dismissed

15  all claims over which it has original jurisdiction, the Court would decline to exercise supplemental

16  jurisdiction over Plaintiff's state law claim if it was not preempted.

17        C.  Other Defendants

18        Plaintiff also brought causes of action against John Lewis Promotions, LLC, Garrick

19  Entertainment, LLC, and Swurvdigital.com.  Having found that Plaintiff lacks standing, the Court

20  must dismiss the claims against these parties on the same basis.  See  Davis v. National Mortgage

21  Corp., 349 F.2d 175, 178 (2d Cir. 1965); 10A Charles Alan Wright & Arthur R. Miller, Federal

22  Practice and Procedure § 2690 (1998).

23  IV.  Conclusion

24        Accordingly, IT IS HEREBY ORDERED that Defendant Green Valley Ranch Gaming,

25  LLC's Motion for Summary Judgment (#112) is **GRANTED**;

26

1    IT IS FURTHER ORDERED that Plaintiff Marquis' Motion for Summary Judgment (#113)

2  is **DENIED as moot**;

3    IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants

4  and against Plaintiff Marquis.

5    DATED this 30th day of September 2007.

6

7

8                                    _____

9                                    Kent J. Dawson
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26