# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARQUIS MODELS, INC., | |
|     Plaintiff, | Case No. 2:05-CV-01400-KJD-PAL |
| v. | **ORDER** |
| GARRICK ENTERTAINMENT, LLC, *et al.*, | |
|     Defendants. | |

    Presently before the Court is Defendant Green Valley Ranch Gaming, LLC's Motion for Sanctions Against Garrick Entertainment, LLC (#111). Plaintiff Marquis Models, Inc. filed a Joinder (#117) to the Motion for Sanctions. Though the time for doing so has passed, Garrick Entertainment has failed to file a response in opposition to the motion. In accordance with Local Rule 7-2(d) and good cause being found, the Court grants in part and denies in part the Motion for Sanctions and Joinder. Furthermore, the Court adopts the factual background of Green Valley's Motion for Sanctions.

    Federal Rule of Civil Procedure 37(b) authorizes the Court to strike a party's pleading, dismiss a party's claims and enter default judgment for violating a discovery order. All three sanctions are appropriate where a party's noncompliance with a discovery order is due to willfulness,

bad faith, or flagrant disregard of the rules.  See Rule 37(b); Conn. Gen'l Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  The Court must consider five factors before dismissing a case or declaring default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id.  The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.  See id.  "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default.  Therefore, it is the third and fifth factors that are decisive."  Adriana Int'l Corp. v. Theorem, 913 F.2d 1406, 1412 (9th Cir. 1990).

      Garrick Entertainment's and Garrick Edwards' failure to appear at a scheduled deposition and Edward's refusal to comply with the Court's order requiring him to do so constitutes an interference with a just decision in this case prejudicing the parties.  By avoiding the jurisdiction of this Court, Edwards has interfered with the normal adversarial process and prejudiced Green Valley in its efforts to prosecute its crossclaims and defend the crossclaims asserted against it by Edwards and Garrick.  Thus, the third factor weighs in favor of sanctions.

      The fifth factor also favors additional sanctions.  The Court clearly warned Garrick and Edwards of the consequences of noncompliance in its December 12, 2006 order.  The Court has given numerous opportunities to Garrick and Edwards to participate in the discovery process and in the prosecution and defense of its case.  No previous warning or discipline from the Court has altered their behavior.  Therefore, the Court finds that the Rule 37 sanctions sought by the parties should be granted.  However, the Court by contemporaneous order having granted summary judgment to defendants against Plaintiff Marquis Models declines to enter default against Garrick Entertainment on Marquis' claims.

////

////

1     Accordingly, IT IS HEREBY ORDERED that Defendant Green Valley Ranch Gaming, LLC's Motion for Sanctions Against Garrick Entertainment, LLC (#111) is **GRANTED in part and DENIED in part**;

    IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** Garrick Entertainment's Answer (#60);

    IT IS FURTHER ORDERED that Garrick Entertainment's Crossclaims against Defendant Green Valley are **DISMISSED**;

    IT IS FURTHER ORDERED that the Clerk of the Court enter **DEFAULT** against Garrick Entertainment on Green Valley's Crossclaims against Garrick Entertainment;

    IT IS FURTHER ORDERED that Garrick Entertainment's Counterclaims against Marquis Models, Inc. are **DISMISSED**;

    IT IS FURTHER ORDERED that Garrick Entertainment's Third-Party Complaint against Chera Pollins is **DISMISSED.**

    DATED this 30th day of September 2007.

_____
Kent J. Dawson
United States District Judge